5552.   GRUBBS *et al. v.* COMANCHE TRIBE No. 6, I. O. R. M.

RUSSELL, C. J.   1. Where the by-laws of a fraternal beneficiary society provide that a member who has been in arrears for dues for three months shall not be entitled to sick benefits until after the expiration of four weeks subsequent to his placing himself in good standing by the payment of dues, and the provision in regard to the payment of funeral benefits excludes the beneficiaries from participation only in the event that the member is "in arrears for dues" at the time of his death, a member, after having been in arrears for dues for three months, would not be entitled to sick benefits until the expiration of four weeks after the time of his restoration to good standing by payment of dues, but in case of his death at any time after his restoration to good standing his beneficiaries would be entitled to funeral benefits. A member is not "in arrears for dues," within the meaning of a by-law as to funeral benefits, when his dues have been so far paid that, according to the by-laws, he is in good standing. In the present case the member died on August 14, 1913. At the time of his death his dues were paid to July 1, 1913, by a payment made on July 24, 1913. A by-law of the fraternal society contains a provision that "a member shall be considered in good standing and entitled to benefits, if he is not indebted to his tribe for dues, fines, or assessments in a sum equal to three moons [months] dues." Consequently the deceased member was not, at the time of his death, in arrears so far as to deprive his beneficiaries of funeral benefits, though he himself, under the provisions of another by-law, could not have drawn sick benefits until after four weeks from July 24, 1913.

2. As a general rule, a member of a beneficial fraternal association must exhaust all the remedies provided by the society before resorting to the civil courts, but this restriction does not apply to his beneficiaries after his death, unless the by-laws contain a mandatory requirement to that effect. A provision in the by-laws of a fraternal benefit association by which a member, in order to obtain an adjudication as to his right to sick benefits, is permitted to appeal to a designated tribunal of the

association, has no application to the right of the beneficiaries of a deceased member to pursue their appropriate remedy to collect funeral benefits in the civil courts.

> *Judgment reversed. Broyles, J., not presiding.*
> DECIDED FEBRUARY 18, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. January 17, 1914.

*Edgar Latham,* for plaintiff.

*Mayson & Johnson,* for defendant. ·

> *Judgment reversed. Broyles, J., not presiding.*
> DECIDED FEBRUARY 18, 1915.   ·